J. R. EDWARDS, EXECUTOR OF E. L. EDWARDS, Deceased, Appellant, v. HENRY M. NOEL, Respondent.

St. Louis Court of Appeals, November 9, 1897.

1. **Guaranty of Bond**: CORRESPONDENCE: CONSTRUCTION: JUDICIAL QUESTION. Where plaintiff had correspondence with defendant, a bond broker, looking to the purchase of securities, the result of which was defendant wrote to plaintiff offering him certain bonds, subject to a sale to other parties, giving a full description of the bonds, in answer to which plaintiff gave an order for the bonds, instructing defendant to send him other bonds, if unable to send the bonds ordered, saying, *"Only send me bonds that you can guaranty,"* the construction, as indicated in plaintiff's instructions, that his demand for a guaranty referred only to such other bonds, was a fair construction; and though the question was one for the court, and it was error to submit it, by instruction, to the court sitting as a jury, it was error against defendant.

2. ——: ——: ——. In such case, where defendant in his last letter, after naming the bonds, said, "We think both of the bonds good and will give satisfaction," whether he acceded to the demand for a guaranty of the other bond sent in lieu of that first ordered, was doubtful, and it could not be said either that he made an express guaranty of anything, or that a guaranty should be implied from silence, especially not where plaintiff accepted and paid for the bonds after the receipt of that letter.

*Appeal from the St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Will. J. Edwards, George L. Edwards* and *Walker & Jordan* for appellant.

When defendant accepted plaintiff's offer, made in his letter of May 17, 1893, and defendant mailed to the bank at Jefferson City the bond described in the petition, and drew his draft on plaintiff for the price, the contract of sale was then complete. *Allen v. Chouteau,* 102 Mo. 309; Sandell's Cases on Contracts, 989; Bish. on Con. [Enlarged Ed.] 124, 125, secs. 328, 329.

Defendant must have known that the bond was acceptable only upon his representation that it was desirable, and plaintiff took it understanding that it was guaranteed by defendant in accordance with plaintiff's letter of May 17, 1893. Defendant is therefore bound. *Tolman & Co. v. Means,* 52 Mo. App. 385; *Barker v. Scudder,* 56 Mo. 272; *Machine Co. v. Jones,* 61 *Id.* 409.

"A guarantor is the insurer of the solvency of the debtor." 2 Danl. on Neg. Insts. 768, sec. 1753; *Krumpts v. Hatz,* 52 Pa. St. 525; *Arents v. Comm,* 18 Gratt. 770.

An undisclosed principal may sue in his own name on a contract made with his agent. *Bank v. Jennings,* 18 Mo. App. 651; 2 L. R. A. 183, and notes; *Briggs v. Munschon,* 56 Mo. 467, and the contract of guaranty is no exception to this rule, when from such contract profit or benefit enures to the guarantor. *Mitchell v. Raitton,* 45 Mo. App. 273.

An executor, administrator, or trustee of an express trust, etc., may sue without joining with him the person for whose benefit the suit is brought. This plaintiff occupies the dual position of executor and trustee of an express trust. R. S. 1889, sec. 1991.

Defendant's statements form the sole basis in regard to the value of the bond sold to plaintiff, and

must be regarded as guarantees. 1 Par. Con. 579; Chitty, Con. 640. See, also, Benj. on Sales [11 Am. Ed.], 704; *Cook v. Bank*, 16 Barb. 342; *Curtis v. Smallman*, 14 Wend. 232; *Marsh v. Day*, 18 Pick. 321.

When the terms of the guaranty, as in the case at bar, are general as to time, the maturity of the instrument will determine the guarantor's liability. Brandt on Sur. & Guar., sec. 166; *Rector v. McCarty*, 31 L. R. A. 121.

The right to enforce the guaranty is co-extensive with the right to enforce the original debt. Jones on Corp., sec. 273. See, also, *Arents v. Comm*, 18 Gratt. 750; *Sturgis v. Circleville*, 11 Ohio St. 153; *Bank v. Bank*, 10 Wall. 604.

*T. K. Skinker* and *C. R. Skinker* for respondent.

Defendant made no guaranty of the bond. He was never asked to guarantee it; he only recommended it. *Eaton v. Mayo*, 118 Mass. 141; *Case v. Luse*, 28 Iowa, 527; Benj. on Sales [6 Ed. Bennett], 623; *Kimball v. Roy*, 9 Rich. Law (S. C.), 295; 1 Brandt on Sur. & Guar. 103–106; *Thomas v. Wright*, 98 N. C. 272.

Even if defendant be held to have made a guaranty, it was only of present solvency, not that the bond would remain solvent. *Shine's Adm'r v. Bank*, 70 Mo. 524; *Bank v. Bank*, 21 Wall. 294, 298; 1 Brandt on Sur. & Guar., secs. 92, 156.

Even if there is a guaranty, E. L. Edwards, executor (this plaintiff), can not enforce it, because it was not made to E. L. Edwards. *Mitchell v. Raitton*, 45 Mo. App. 273; *Grant v. Naylor*, 4 Cranch, 205; *Miller v. Stewart*, 9 Wheat. 680; *Crane Co. v. Specht*, 39 Neb. 123; 1 Brandt on Sur. & Guar. [2 Ed.] 134, 135, 172; *Salle v. Mengy*, 1 Bailey, Law (S. C.), 620; *Allison v.*

*Rutledge*, 5 Yerg. 194; *Smith v. Montgomery*, 3 Tex. 199; *Barnes v. Barrow*, 61 N. Y. 39; *Walsh v. Bailie*, 4 Johns. 180; *Penoyer v. Watson*, 16 *Id*. 100; *Taylor v. McClung*, 2 Houst. Del. 24; *Bank v. Kaufman*, 93 N. Y. 273; *Stevenson v. McLean*, 11 Up. Canada (C. P.), 208; *Bussier v. Chew*, 5 Phila. 70.

BIGGS, J.—This is an action on an alleged guaranty of a bond issued by the Lindell Hotel company. In the spring of 1893 the plaintiff and the defendant (a bond broker) had a conference looking to the purchase of some kind of securities by plaintiff. The plaintiff testified that he was acting in the matter for his father, E. L. Edwards, since deceased, and that he so informed the defendant. The defendant denied the latter statement. As a result of the conference the defendant addressed the following letter to plaintiff:

"ST. LOUIS, May 16th, 1893.

"*Mr. J. R. Edwards, Jefferson City, Mo.*

"DEAR SIR: We offer subject to sale at 100 and interest $4,000 (total issue $100,000), first mortgage 6 per cent Gold Bonds running 15 years straight from April, 1892, interest payable April and October at the St. Louis Trust Company and secured upon the Lindell Hotel Building in this city and a perpetual lease upon the ground of $27,500 per annum. These bonds are secured by deed of trust and are registered by the St. Louis Trust Co. Bonds are also fully covered by insurance. We consider the lease on ground worth $350,000 cash, beside the value of the Hotel building. The ground was bought subject to the above lease for $500,000 cash and is now owned by the Ground Rent Company of Boston. *The bonds are in every way desirable.* Balance of issue held here. Advise us at once if wanted.

"Yours truly,    H. M. NOEL & Co."

To the foregoing letter the plaintiff sent the fol-
lowing reply:

"JEFFERSON CITY, MO., May 17, 1893.

"*Messrs. H. M. Noel & Co., St. Louis.*

"DEAR SIRS: Send me $1,500 of Lindell hotel
bonds as per your letter of the 16th. If they are sold
before you receive this letter send me next best you
have to this amount. *Only send me bonds that you can
guarantee.* I have telegraphed you at noon to-day.

"Yours truly,

"JOS. R. EDWARDS."

The defendant received the letter on the morning
of the eighteenth, and in response thereto he mailed
the following letter to plaintiff:

"ST. LOUIS, May 17th, 1893.

"*Mr. J. R. Edwards, Jefferson City, Mo.*

"DEAR SIR: Your esteemed favor of the 17th
received. As the Lindell Hotel bonds are $1,000 each
we can only send you one of them and a $500 Clarks-
ville, Mo., funding bond. We think both of these
bonds good and will give you satisfaction. We en-
close a memorandum bill of same and have drawn for
the amount through the First National Bank, Jeff.
City. Thanking you for past favors, we are,

"Yours very truly,

"H. M. NOEL & Co."

The bonds were sent to the bank at Jefferson City
with the following draft or acceptance:

"ST. LOUIS, May 18th, 1893.

"1,517.08.

"On delivery $1,000 Lindell Hotel "A" and $500,
Clarksville, Mo., five per cent bonds pay to the order
of St. Louis National Bank fifteen hundred, seventeen
and $\frac{8}{100}$ (with exchange on St. Louis or New York)
value received.

"To J. R. Edwards.          H. M. NOEL & Co."

The evidence leaves no doubt that the last named letter was written and mailed on May 18, instead of the seventeenth. It was received by the defendant at Jefferson City on the morning of the nineteenth. After the receipt of the letter the plaintiff paid the acceptance with the money of his intestate and received the bonds. The Lindell Hotel Company paid the interest on the bond for a year or two and then defaulted. The plaintiff notified the defendant of the default and requested that he make good his alleged guaranty. The defendant denied liability, and hence this suit.

The questions are, whether the plaintiff's letter of May 17 is to be construed as a demand for a guaranty of the particular bond, and if so, whether the defend-

GUARANTY of bond: correspondence: construction: judicial question.

ant in his letter of May 18 acceded to the demand? The first question is not free from difficulty. It is a question whether the plaintiff intended to demand a guaranty for all bonds that might be sent, or for such only as the defendant might send in lieu of the Lindell Hotel bonds. The defendant contends for the latter construction, and in this we think he is right. It is conceded that all of the negotiations are represented by the letters above set forth. Therefore, in order to solve the ambiguity in the plaintiff's letter of May 17, it is proper that the entire correspondence be read. In his first letter the defendant gave all particulars as to the Lindell Hotel bonds, that is, the time they were to run, by whom issued, the amount of the issue, and of the situation and condition of the property pledged for their payment. His evident intention was to put the plaintiff in possession of all the facts so that he himself might judge of the character and solvency of the bonds. In answer to this the plaintiff gave a peremptory order for $1,500 of these bonds, but noting in the

defendant's letter that the offer of defendant was made subject to the sale of the bonds to other parties, he instructed the defendant to send him other bonds, if he was unable for any reason to fill his order for the hotel bonds.  In that connection he wrote "only send me bonds that you can guaranty."  A fair construction, we think, leads to the conclusion that the plaintiff's demand for a guaranty referred only to such other bonds as the defendant might send, in the event he could not comply with plaintiff's order for Lindell Hotel bonds.  As to the hotel bonds plaintiff was fully advised, but as to other bonds which the defendant might conclude to send he would probably know nothing.  Therefore it was but reasonable that he should exact a guaranty as to them.  This was obviously the view of the circuit court as indicated by the plaintiff's fifth instruction.  The only error committed by the court was in submitting by this instruction the question whether the plaintiff intended to exact a guaranty as to all the bonds.  The rule is that the construction of written instruments is for the court, except where there is an ambiguity which can only be solved by reference to unconceded extrinsic facts.  Here the extrinsic facts were conceded, which left the question of construction for the court and not for the court sitting as a jury.  This error, however, was against the defendant.

Whether the defendant in his last letter acceded to the demand for a guaranty of the Clarksville bond, is a matter of doubt.  After naming the bonds he said:  "We think both of these bonds good and will give satisfaction."  It can not be said either that he made an express guaranty of anything, or that a guaranty should be implied from silence.  The language used makes room for the contention that he declined to

GUARANTY of bond: correspondence: construction.

become a guarantor at all.  It will also be noted that the plaintiff accepted and paid for the bonds after receiving this letter.

With the concurrence of the other judges the judgment of the circuit court will be affirmed.  It is so ordered.